**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1201**

BAO DEN CHEN; SHUNQIN CHEN,

      Petitioners,

    v.

ERIC H. HOLDER, JR., Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 6, 2009      Decided:  November 10, 2009

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Gary J. Yerman, New York, New York, for Petitioners. Tony West, Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Aimee J. Frederickson, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bao Den Chen and Shunqin Chen, both natives and citizens of China, seek review of an order of the Board of Immigration Appeals (Board) affirming the decision of the Immigration Judge denying relief from removal. The Chens first dispute the Board's finding that their asylum applications were not timely filed and that no exceptions applied to excuse the untimeliness. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Given this jurisdictional bar, we may not review the underlying merits of the Chens' asylum claim.

The Chens also contend that the Board erred in denying their request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that the Chens have not made the requisite showing. Likewise, we uphold the finding that the Chens failed to demonstrate that it is more likely than not that they would be tortured if removed to China. See 8 C.F.R. § 1208.16(c)(2) (2009).

2

Accordingly, we dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART</u>
<u>AND DENIED IN PART</u>